IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD,

                Plaintiff,                    ORDER

v.

                                               18-cv-152-wmc

SERGEANT KUSSMAL,
RN JANE DOE, and
C/O JOHN DOE,

                Defendants.

*Pro se* plaintiff Charles Sheppard is proceeding on Eighth Amendment deliberate indifference claims against Wisconsin Secure Program Facility ("WSPF") employees Sergeant Kussmal, Correctional Officer John Doe and Registered Nurse Jane Doe, for their respective responses to his report that he might attempt suicide in 2017. In its April 16, 2019, order, the court granted Sheppard leave to proceed against those defendants, but denied him leave to proceed against proposed defendants Dr. Hoem, a psychologist, Warden Gary Boughton and Security Director Kartman. With respect to Dr. Hoem specifically, the court stated that Sheppard could seek leave to amend his complaint to include previously omitted allegations of Hoem's involvement in responding to his threats of self-harm. (4/16/2019 Order (dkt. #4) 4 n.1.) Now Sheppard has filed a motion to amend his complaint to include additional allegations against Hoem, Boughton and Kartman (dkt. #13), as well as a motion to substitute and compel (dkt. #16). For the reasons that follow, the court will grant in part and deny in part Sheppard's motions.

I.      **Motion to Amend (dkt. #13)**

Sheppard seeks to amend his complaint to include additional allegations related to Dr. Hoem's, Boughton's and Kartman's involvement in the events related to his 2017 self-harm. Starting with Dr. Hoem, Sheppard seeks to add allegations that: Hoem knew about his history of committing self-harm; and on October 27, 2017, after Sheppard told defendant Kussmal he was having suicidal thoughts, Kussmal spoke to Hoem about Sheppard, but Hoem failed to visit his cell that day or the following day. These allegations, if true, permit a reasonable inference that Hoem failed to take reasonable measures in response to the risk that Sheppard would commit self-harm. *See Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010) (prisoner states an Eighth Amendment claim by alleging that a prison official intentionally disregarded the risk that a prisoner would commit suicide). Therefore, based on these additional allegations, the court now will grant Sheppard leave to proceed against Hoem.

However, the court will not allow Sheppard to proceed against Boughton or Kartman. Sheppard argues that he should be allowed to proceed against these two defendants on a failure to train theory because they were aware of at least one previous occasion in which Sheppard's threats of self-harm were ignored because he brought a lawsuit about it in 2014. However, even assuming that Boughton and Kartman were aware of the operative events of that 2014 lawsuit, Sheppard has not alleged facts suggesting that either defendant was aware that Sheppard continued -- for another three years -- to have problems with staff ignoring him when he said he was going to harm himself. As such, the court sees no basis to reconsider its previous decision declining to allow him to proceed

2

against Boughton and Kartman. Accordingly, the court will grant Sheppard leave to proceed against Dr. Hoem, but not Boughton and Kartman.

II. **Motion to Substitute and Compel (dkt. #16)**

In this motion, Sheppard asks that the court (1) substitute Correctional Officer Jorgunson for the John Doe correctional officer against whom he is proceeding, and (2) compel defendants to respond to Sheppard's request for the identity of the Jane Doe nurse against whom he is proceeding. The court will substitute Jorgunson for the John Doe correctional officer without further discussion.

The court will not, however, order defendants to provide Sheppard with the name of the Jane Doe nurse. Sheppard explains that defendants' counsel responded to his discovery requests seeking Jane Doe's identity by directing Sheppard to review his medical records to find her name. Sheppard claims this is unfair, since he has only been able to locate her initials, he has very limited periods of time to review his records and defense counsel is in a better position to find out this information. However, it is Sheppard's responsibility to litigate this case, and his filings suggest he is capable of reviewing his own medical records. That said, if the *only* information he can find from his medical records about Jane Doe are her initials and illegible recordings, it would be reasonable for defendants to provide this information. Still, it seems premature for Sheppard to ask the court to compel defendants to produce her name, since Sheppard does not represent that he informed defendants of the initials he found and asked them to use that information to locate her. For that reason, the court will not compel defendants to produce Jane Doe's

name at this point. If Sheppard provides defendants with updated discovery requests that provide more specific information about who he believes defendant Jane Doe is based on his medical records, but defendants fail to respond and Sheppard's efforts to resolve this dispute through letters or phone calls are unsuccessful, he may renew this motion to compel at that point.

ORDER

IT IS ORDERED that:

1. Plaintiff Charles Sheppard motion to amend (dkt. #13) is GRANTED in part and DENIED in part, as provided above.

2. Plaintiff's motion to substitute and compel (dkt. #16) is GRANTED in part and DENIED in part, as provided above.

3. Plaintiff is GRANTED leave to proceed on an Eighth Amendment deliberate indifference claim against defendant Hoem.

4. Plaintiff is GRANTED leave to proceed against Correctional Officer Jorgunson, who is substituted for defendant John Doe.

5. The Wisconsin Department of Justice has until **November 27, 2019,** to notify the court whether it will accept service of process on behalf of Hoem and Jorgunson.

Entered this 13th day of November, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge