IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD,

                    Plaintiff,                                    OPINION AND ORDER

         v.
                                                                   18-cv-152-wmc

SERGEANT KUSSMAL,

                    Defendant.

On December 30, 2020, the court entered an opinion and order granting in part and denying in part defendants' motion for summary judgment. (Dkt. #54.) Specifically, the court granted summary judgment on plaintiff's Eighth Amendment deliberate indifference claims against defendants Jorgenson, Edge, and Hoem, while allowing him to proceed on the same claim against defendant Kussmaul. Sheppard has since filed a motion for reconsideration, challenging the court's ruling as to defendants Jorgenson and Edge, as well as renewing his request for assistance in recruiting counsel. (Dkt. #55.) For the reasons that follow briefly, the court will deny this motion in full.

OPINION

Under Rule 59(e), a court may reconsider entry of judgment based on newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). However, Rule 59(e) relief is *only* available if the movant clearly

establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)). Thus, a "manifest error" occurs only when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent" law, or fact. *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876.

In granting defendants' summary judgment motion as to defendants Jorgenson and Edge in particular, the court relied on the Seventh Circuit's reasoning in *Johnson v. Garant*, 786 F. App'x 609 (7th Cir. 2019), concluding that the evidence of record did not support a finding that either defendant knew Sheppard faced an imminent risk of harming himself. (Dkt. #53, at 10-11, 14-15.) In his motion to reconsider, Sheppard has failed to point to any newly discovered evidence, or to a manifest error of law or fact. Instead, he would have the court equate Jorgenson's and Edge's inaction with defendant Kussmaul's action, arguing that these defendants were equally dismissive of his threats of self-harm. However, as explained in the court's opinion and order, only Kussmaul's affirmative response to Sheppard's threat of self-harm, would support a reasonable inference that "Kussmaul, in fact, believed Sheppard's statements sufficiently serious to require possible medical intervention." (*See* dkt. #54, at 12.) Moreover, only Kussmaul's alleged lie to Dr. Hoem about whether Sheppard was threatening to harm himself would permit a reasonable inference of deliberate indifference. (*Id.* at 13.) In contrast, while the court accepted that

Jorgenson and Edge did not take *any* action in response to Sheppard's alleged threats of self-harm, it was undisputed that Sheppard did not present to either defendant with any indication that he planned to imminently harm himself. Finally, Sheppard does not address the *Johnson* decision, much less identify a manifest error of law or fact in the application of that decision to his claims against Jorgenson and Edge. As such, the court sees no basis to reconsider its ruling with respect to either defendant.

The court will also decline to recruit counsel for Sheppard. Not only is he plainly well-versed in the applicable law and facts governing his remaining claim for trial, the outcome will turn largely on the resolution of the factual disputes between Kussmaul and Sheppard, which largely comes down to a credibility determination. Additionally, although Sheppard claims that expert testimony will be necessary for him to show causation between Kussmaul's actions and his contracting MRSA, the legal relevance of that infection is dubious at this point. Regardless, it is unclear that Sheppard will need expert testimony to establish the connection. Accordingly, the court will not reconsider its previous denial of Sheppard's request for assistance in recruiting counsel based on the arguments Sheppard raises in his motion. However, Sheppard may renew his motion following the court's scheduling conference tomorrow, provided he can articulate in detail exactly what barriers he faces in litigating his claim at trial and how an attorney will help him overcome those barriers.

ORDER

IT IS ORDERED THAT plaintiff Charles Sheppard's motion for reconsideration (dkt. #55) is DENIED.

Entered this 20th day of January, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge