IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD,

        Plaintiff,

v.

JOHN KUSHMAUL[1] and
KYLE JORGENSON,

        Defendants.

OPINION AND ORDER

18-cv-152-wmc

*Pro se* plaintiff Charles Sheppard is proceeding to trial on claims that on October 27, 2017, defendants John Kushmaul and Kyle Jorgenson violated his Eighth Amendment rights by responding with deliberate indifference to his threats of self-harm. In advance of the final pretrial videoconference ("FPTC") to be held on July 13, 2021, the court issues the following opinion and order on the defendants' motion *in limine* and related matters, as well as circulates proposed orientation remarks, voir dire, jury instructions and a special verdict.

OPINION

I. Defendants' Motion in Limine (dkt. #63)

Defendants seek five MIL orders from this court, to which Sheppard does not object. *First,* defendants seek to exclude evidence of the other incidents in this lawsuit that were dismissed at summary judgment. In particular, the court granted summary judgment

---

[1] In their most recent submissions, defendants modified the spelling of Kushmaul's last name, changing it from "Kussmaul." Since Sheppard has not corrected that spelling and Mr. Kushmaul would know the correct spelling in any event, the court will use that spelling going forward and instructs the clerk of court to do so as well.

with respect to Sheppard's deliberate indifference claims against Dr. Hoem, because she did not know that Sheppard threatened self-harm on October 27, 2018, and against Nurse Beth Edge, because no evidence of record suggests that when she interacted with Sheppard, she was made aware of a substantial risk that he would commit self-harm. Since Sheppard's interaction with Nurse Edge in particular occurred *after* both of his interactions with defendants Kushmaul and Jorgenson, the court agrees that interaction is irrelevant and may unfairly prejudice defendants. However, Sheppard claims that defendant Kushmaul assured him that he would not only call Dr. Hoem, but report his threats of self-harm, so that Kushmaul's failure to actually report his threatening to harm himself could be evidence of his deliberate indifference. Accordingly, the motion is GRANTED IN PART and DENIED IN PART as follows: Sheppard may introduce evidence that Dr. Hoem was called but not told of his threats of self-harm.

*Second*, defendants seek to exclude reference to their personnel file work history, other legal proceedings involving defendants, or any inmate complaints against defendants, except those related to this case. Defendants' position is that this evidence has no relevance, and even if relevant, its introduction would be unfairly prejudicial, tend to confuse the jury and waste time during trial. Additionally, evidence that defendants wronged inmates in the past is inadmissible under Federal Rule of Evidence 404, unless such evidence would be admissible under Rule 404(b), to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* The Seventh Circuit has adopted a four-part test to determine whether "other acts" evidence is admissible under Rule 404:

2

> First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter in issue. Third, there must be a sufficient amount of evidence for the fact finder to conclude that the similar act was committed. And fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice.

*Okai v. Verfuth*, 275 F.3d 606, 610-11 (7th Cir. 2011).

Here, defendants represent that there is no known judgment against them in lawsuits involving prison inmates. As such, the only potentially admissible evidence of this nature would be an *affirmed* inmate complaint finding either defendant mishandled an inmate's threat of self-harm. Given the *possibility* that Sheppard may be able to come forward with a proffer of evidence of this kind that satisfies the four requirements for admissibility under Rule 404(b), the court will RESERVE on whether Sheppard is completely precluded from admitting evidence of *any* inmate complaints in which either Kushmaul or Jorgenson was found to have mishandled an inmate's threat of self-harm. Thus, this motion is GRANTED IN PART and RESERVED IN PART. At the final pretrial conference, plaintiff Sheppard will be given one last opportunity to make a specific proffer as to other affirmed inmate complaints finding defendants Kushmaul or Jorgenson acted with deliberate indifference under circumstances similar to that here *and* relevant to show motive, intent, preparation, plan, absence of mistake, or lack of accident under Rule 404(b). Failing that, all such evidence will be excluded.

*Third*, defendants ask the court to exclude details of any other lawsuits against the Wisconsin Department of Corrections or its current or former employees, also citing

Federal Rule of Evidence 404(b). Sheppard does not object to this request and so it is GRANTED.

*Fourth*, defendants seek to exclude any argument, questions, testimony or evidence regarding the causation of physical injury, permanence, future care and treatment, or future pain and suffering, other than that presented by Sheppard himself. Since Sheppard does not object to this motion, it, too, is GRANTED.

*Fifth*, under Federal Rule of Evidence 609(a)(1)(A), defendants seek an order allowing them to impeach Sheppard during cross-examination, with one question about a criminal conviction. In particular, Sheppard was convicted of one count of Felony Murder in violation of Wis. Stat. § 940.03. This offense is punishable by imprisonment for more than one year, and it has not been 10 years since Sheppard was released from confinement for these convictions. Therefore, defendants seek to ask the following question: "On October 4, 1999, you were convicted in Milwaukee County Circuit Court of Felony Murder, contrary to Wis. Stat. § 940.03, true?" Although Sheppard has not objected to this question, the court has concerns that as formulated the question may be unduly prejudicial, and would propose the following alternative question: "On October 4, 1999, you were convicted of a felony, punishable for greater than one year, correct?" However, the court will RESERVE on this issue for further discussion during the FPTC, as well as grant leave to defendants to cite Seventh Circuit or U.S. Supreme Court precedent specifically supporting the introduction of proof of a murder conviction into a civil lawsuit as character evidence of truthfulness against one of the parties.

## II. Voir Dire, Jury Instructions and Special Verdict

Attached to this order are the court's proposed voir dire, jury instructions and special verdict form. The court anticipates that the trial will not be bifurcated. The court will discuss these materials with the parties during the final pretrial conference.

## III. Exhibits

Defendants disclosed three exhibits: Ex. 501 is an excerpt of Sheppard's PSU medical records; Ex. 502 is an excerpt of Sheppard's HSU medical records; and Ex. 503 is an October 27, 2017, logbook entry, presumably from Sheppard's housing unit. Sheppard has not objected to any of these exhibits.

Sheppard also failed to disclose any exhibits or responded to defendants' exhibit list despite the trial preparation order and amended scheduling order setting June 15, 2021, as the deadline by which Sheppard had to provide his exhibit list, and June 29, as a response deadline. (Dkt. ##57, 58.) Since Sheppard has not filed *any* materials by the June 15 deadline, or the June 29 response deadlines, the court is disinclined to permit his introducing now untimely exhibits, but to the extent Sheppard wishes to include additional exhibits and can justify his failure to timely disclose them, the court will hear from him during the FPTC.

## IV. Witnesses

Defendants intend to call three witnesses – Jorgenson, Kushmaul and Dr. Stacy Hoem -- and may call Nurse Rebecca Tracey, Dr. Kenneth Miller, and HSU Manager

Sheryl Kinyon.

Sheppard has not disclosed any witnesses. Like his exhibits, absent good cause shown, the court does not intend to allow Sheppard to call any witnesses beyond himself, and possibly Jorgenson, Kushmaul and Dr. Hoem adversely.

ORDER

IT IS ORDERED that defendants' motion in limine (dkt. #63) is GRANTED IN PART and RESERVED in part as set forth above.

Entered this 9th day of July, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge